676 So.2d 553 (1996)
Cyrus GARY, et ux.
v.
CAMDEN FIRE INSURANCE COMPANY, et al.
No. 96-CC-0055.
Supreme Court of Louisiana.
July 2, 1996.
Rehearing Denied September 3, 1996.
*554 Gina Marie Bradley Tuttle, Guglielmo, Lopez, Tuttle, Hunter & Harrell, Larry Lane Roy, Preis, Kraft & Roy, for Applicants.
Richard Charles Broussard, Bennett Boyd Anderson, Jr., Anderson & Broussard, John A. Keller, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Arthur I. Robison, Nora Montgomery Stelly, Allen & Gooch, for Respondents.
CALOGERO, Chief Justice.[*]
The issue in this case is whether the payment alone of workers' compensation benefits to an injured employee interrupts prescription with regard to the worker's claims against third-party tortfeasors.
Cyrus Gary was in the course and scope of employment on March 12, 1992, when the vehicle in which he was a passenger was rear-ended by a Lafayette Parish school bus. Several months after the accident, Gary's employer commenced voluntary payment of workers' compensation benefits and medical expenses. On July 7, 1993, sixteen months after the accident, Gary and his wife filed a lawsuit for damages against the third-party tortfeasor, Craig Smith (the driver of the school bus), the Lafayette Parish School Board (Smith's employer), and the school board's automobile liability insurer.
The defendants filed an exception of prescription, alleging that plaintiffs' claims had prescribed because suit was not filed within the one-year prescriptive period for delictual actions provided by La.Civ.Code art. 3492. *555 The district court disagreed and overruled the exception. The court of appeal ultimately affirmed,[1] finding that the employer's voluntary payment of workers' compensation benefits constituted an acknowledgement of its obligation to the injured employee which interrupted prescription under La.Civ.Code art. 3464, and that this interruption was applicable to any claims for damages later filed against a third-party tortfeasor. Gary v. Camden Fire Ins. Co., 94-1431 (La.App. 3 Cir. 12/6/95); 665 So.2d 161. The court based its ruling upon Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383 (La.1993), where this court held that an employer and third-party tortfeasor are solidary obligors and that a timely filed lawsuit against an employer for workers' compensation benefits interrupts prescription with regard to subsequent claims against a third-party tortfeasor.
Plaintiffs point out that La.Rev.Stat. 23:1209 specifically provides that prescription on a workers' compensation claim is interrupted when compensation payments are made to an injured employee, and that prescription regarding workers' compensation does not run until one year after the last payment of benefits. Because benefits were still being paid and prescription on compensation had not yet run when plaintiffs filed this third-party tort lawsuit, plaintiffs contend that their tort claims against the defendants also had not prescribed because the employer and third-party tortfeasor are solidary obligors.
Defendants argue contrariwise that the court of appeal erred in ruling that payment of workers' compensation benefits constitutes an acknowledgement of liability which interrupts prescription as to a third-party tortfeasor. They contend that La.Rev.Stat. 23:1204 specifically provides that payment of compensation benefits does not constitute an admission of liability for compensation. For that reason, benefits payments cannot be considered an acknowledgement admitting liability in any respect. See Lima v. Schmidt, 595 So.2d 624 (La.1992). Defendants therefore urge that prescription was not interrupted as to plaintiffs' damage claim because no acknowledgement of liability in any respect took place when plaintiff's employer voluntarily paid him compensation benefits. Furthermore, plaintiffs did not file a timely lawsuit against the employer or against the tortfeasor.
La.Civ.Code art. 3492 provides a one-year prescriptive period for delictual actions. Because plaintiffs' suit for tort damages was filed more than one year after the accident, the action had prescribed on its face. In such a circumstance, the plaintiff carries the burden of proving that prescription was interrupted, suspended or renounced.[2]Lima v. Schmidt, 595 So.2d 624, 628 (La.1992). Prescription may be interrupted by the filing of a lawsuit pursuant to La.Civ.Code art. 3462, or by the debtor's acknowledgement of the obligation as provided by La.Civ.Code art. 3492.
La.Civ.Code art. 3462 provides that prescription is interrupted when suit is filed in a court of competent jurisdiction.[3] In Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383 (La.1993), this court concluded that prescription was interrupted with regard to an injured employee's claims against a third-party tortfeasor when the employee filed a timely suit seeking workers' compensation benefits from his employer. In the present case, however, no suit was filed; only voluntary workers' compensation payments were made by the employer. Such voluntary payments are insufficient to toll *556 prescription under Article 3462 which specifically requires the filing of a lawsuit.
The reason for adherence to the dictate of Article 3462, which requires filing suit to interrupt prescription, is simple. When a lawsuit is filed against the employer, prescription is interrupted as to claims against the employer pursuant to Article 3462. Because the third-party tortfeasor is a solidary obligor, the interruption of prescription is applicable also to a claim against a third-party tortfeasor, as this court held in Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d at 1387. See also La.Civ. Code arts. 1799 and 2324C. When a lawsuit is filed against the employer in a competent court, prescription is interrupted because the legal system is put into motion and the purposes of prescriptive laws are satisfied. The time limit for filing a delictual action is a legislative device intended to promote legal finality, bar stale claims, and prevent prejudice to defendants. When the employer voluntarily pays workers' compensation benefits (which may continue for many years), and the injured employee files no lawsuit against any party, none of the goals of prescription statutes are met with regard to claims against a third-party tortfeasor. There is no analogy between a lawsuit against an employer and mere claim assertion which prompts voluntary workers' compensation payments. While the former may interrupt prescription, Williams v. Sewerage & Water Bd. of New Orleans, supra, the latter simply does not.
In addition to interruption by the filing of a lawsuit, Louisiana codal articles provide another means of interrupting the prescriptive period. La.Civ.Code art. 3464 provides that "[p]rescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." The court of appeal in this case held that the employer's voluntary payment of workers' compensation benefits constituted an acknowledgement which interrupted prescription with regard to plaintiffs' claims against defendants/third-party tortfeasors. We disagree with that conclusion.
An acknowledgement is "the recognition of the creditor's right or obligation that halts the progress of prescription before it has run its course." Lima v. Schmidt, 595 So.2d at 631. It involves an admission of liability, either through explicit recognition of a debt owed, or through actions of the debtor that constitute a tacit acknowledgement. Acknowledgement may be made "verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways; or it may be implicit or inferred from the facts and circumstances." Id. at 632; see also, Robert E. Blum, Comment, Interruption of Prescription by Acknowledgement in Louisiana, 14 Tul.L.Rev. 430 (1940). A tacit acknowledgement arises from a debtor's acts of reparation or indemnity, unconditional offers or payments, or actions which lead the creditor to believe that the debtor will not contest liability. Lima v. Schmidt, 595 So.2d at 634. Acknowledgement interrupts prescription before it has expired, with the prescriptive period beginning to run anew from the time of the interruption. Id. at 631.
Were it not for the existence of La. Rev.Stat. 23:1204,[4] it would seem evident that voluntary payment of compensation benefits constitutes an acknowledgement of the employer's debt to the injured employee. Section 1204, however, encourages voluntary payment of compensation by assuring the employer that his voluntary payment does not, and will not, constitute an admission of liability. Because of Section 1204's statutory command, the voluntary payment of compensation here is not an acknowledgement of debt or liability and does not interrupt prescription under La.Civ.Code art. 3464.
Plaintiffs contend, however, that this court need not rely on codal articles at all in analyzing the prescription issue in this case. Citing La.Rev.Stat. 23:1209, they argue that Louisiana workers' compensation law specifically provides for an interruption of prescription when compensation benefits are paid to an injured employee.
*557 La.Rev.Stat. 23:1209 states that claims for workers' compensation benefits are subject to a one-year prescriptive period which commences to run at the time of the accident.[5] In cases where payments have been made by the employer or its insurer, Section 1209A further provides that the time limit for filing a claim for benefits does not expire until one year after the last payment. Plaintiffs therefore argue that the payment of benefits by the employer in the present case interrupted prescription and that the interruption is applicable to the third-party tortfeasors because the employer and tortfeasors are solidary obligors. This court does not so construe Section 1209.
Section 1209 speaks to the filing of claims with the Office of Workers' Compensation (OWC) for medical expenses and compensation benefits and provides time periods for the filing of such claims in cases where benefits are not voluntarily paid or are prematurely terminated. Section 1209 is applicable therefore to the initiation of workers' compensation claims with the OWC. It does not mention prescriptive periods in tort actions brought by an injured employee against a third-party tortfeasor.
The federal decisions in Cormier v. Clemco, 48 F.3d 179 (5th Cir.1995), and Billizon v. Conoco, Inc., 864 F.Supp. 571 (E.D.La.1994), are not in conflict with this court's conclusions in the present case. In both Cormier and Billizon, the courts determined that payment of compensation benefits under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C.A. §§ 901-950 (West 1986), constituted an acknowledgement of the employer's obligation to the injured employee which interrupted prescription with regard to an employee's subsequent lawsuit against a third-party. The federal courts relied on our decision in Williams in finding that the employer and third-party defendant were solidary obligors, and that the interruption of prescription as to the compensation claim against the employer served to interrupt prescription as to the worker's claim against the third-party.
The distinguishing circumstance between Cormier and Billizon and the case under consideration here is that the LHWCA has no statutory counterpart to La.Rev.Stat. 23:1204, the latter specifically providing for Louisiana that the payment of compensation benefits shall not be considered an admission of liability.
This action was prescribed when it was filed in the district court.

DECREE
For the foregoing reasons, we reverse the decision of the court of appeal. The case is dismissed with prejudice.
REVERSED; DISMISSED WITH PREJUDICE.
NOTES
[*] Bleich, J., not on panel. Rule IV, Part 2, § 3.
[1] The court of appeal first denied writ. After the case was returned to them by this court, the court of appeal then affirmed the decision of the district court.
[2] Plaintiffs only contend that prescription was interrupted in this case. No argument has been made regarding suspension or renunciation. Discussion of those topics is therefore pretermitted.
[3] La.Civ.Code art. 3462 provides:

Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
[4] La.Rev.Stat. 23:1204 provides:

Neither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under this Chapter.
[5] La.Rev.Stat. 23:1209 provides in part:

A. In case of personal injury, including death resulting therefrom, all claims for payments [of compensation] shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and[] in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment....
* * * * * *
C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter....