liGREMILLION, Judge.
This is an appeal by the plaintiff, Wilson Prejean, of the trial court’s judgment granting Industrial Cleanup, Inc.’s exception of prescription. For the following reasons, we affirm.
HISTORY
Prejean was injured on December 19,1991, while working as a member of a crew on a utility boat owned by his employer, Industrial Cleanup. This injury has left him totally disabled. As a result of this accident, Industrial Cleanup elected to pay workers’ compensation benefits, and has continued to pay such benefits to the present.
On December 15, 1995, Prejean filed suit pursuant to the “savings to suitors” clause of 28 U.S.C. 1331(1), alleging that he was a seaman and that the negligence of Industrial Cleanup and the unseaworthiness of the utility boat were the |2causes-in-fact of his injuries. Industrial Cleanup filed an exception of prescription, alleging that the lawsuit had not been timely filed within the three-year period provided for in 46 App.U.S.CA, 688. The trial court granted the exception, and Prejean appealed.
DISCUSSION
The sole issue presented by this appeal is whether Industrial Cleanup’s voluntary payment of workers’ compensation benefits serves as an acknowledgment of its debt so as to interrupt prescription on a subsequently filed delictual action against it arising from the same work related accident and injury. A similar issue was raised in Gary v. Camden Fire Insurance Co., 96-55 (La.7/2/96); 676 So.2d 553. In Gary, the plaintiff was injured in an automobile accident while in the course and scope of his employment. His employer voluntarily began making workers’ compensation payments several months after the accident. Sixteen months after the accident, the plaintiff filed a lawsuit for damages against the third-party tort feasor. The defendants filed an exception of prescription which was overruled by the trial court. On appeal, this court affirmed the trial court’s ruling, finding that the employer’s voluntary payment of workers’ compensation benefits was an acknowledgment of its obligation to the plaintiff which interrupted prescription under La. Civ.Code art. 3464, and this interruption was applicable to any claims for damages later filed against a third-party tort feasor. The supreme court reversed that decision and stated:
An acknowledgment is “the recognition of the creditor’s right or obligation that halts the progress of prescription before it has run its course.” Lima v. Schmidt, 595 So.2d at 631. It involves an admission [3of liability, either through explicit recognition of a debt owed, or through actions of the debtor that constitute a tacit acknowledgment. Acknowledgment may be made “verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways; or it may be implicit or inferred from the facts and circumstances.” Id. at 632; see also, Robert E. Blum, Comment, Interruption of Prescription by Acknowledgment in Louisiana, 14 Tul.L.Rev. 430 (1940). A tacit acknowledgment arises from a debtor’s acts of reparation or indemnity, unconditional offers or payments, or actions which lead the creditor to believe that the debtor will not contest liability. Lima v. Schmidt, 595 So.2d at 634. Acknowledgment interrupts prescription before it has expired, with the prescriptive period beginning to run anew from the time of the interruption. Id. at 631.
Were it not for the existence of La.Rev. Stat. 23:1204, it would seem evident that voluntary payment of compensation benefits constitutes an acknowledgment of the employer’s debt to the injured employee. Section 1204, however, encourages voluntary payment of compensation by assuring the employer that his voluntary payment does not, and will not, constitute an admission of liability. Because of Section 1204’s statutory command, the voluntary payment of compensation here is not an acknowledgment of debt or liability and does not *1374 interrupt prescription under La.Civ.Code art. 3464.
Id. at 556.
Prejean contends that the holding in Gary should be limited to claims against third-party tortfeasors. We disagree. Although the court’s decision in Gary was concerned only with the suspension of prescription as it affected a third-party tortfeasor, we find the analysis persuasive. La.R.S. 23:1204 provides that “[njeither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under this Chapter.” The clear language of -La. R.S. 23:1204 and the analysis by the Gary court leaves no room for any conclusion other than prescription is not suspended by the voluntary payment of workers’ compensation benefits. Therefore, we affirm the trial court’s decision granting Industrial Cleanup’s exception of prescription.
CONCLUSION
The judgment of the trial court is affirmed. All costs of this appeal are assessed to the plaintiff-appellant, Wilson Prejean.
AFFIRMED.
THIBODEAUX, J., dissents and assigns reasons.