| iTHIBODEAUX, Judge,
dissenting.
The majority’s reliance on Gary v. Camden Fire Insurance Co., 96-55 (La.7/2/96); 676 So.2d 553 and La.R.S. 23:1204 is misplaced. The specific issue in Gary was “whether the payment alone of workers’ compensation benefits to an injured employee interrupts a prescription with regard to the worker’s claim against third-party tortfeasors.” (Emphasis supplied). The Louisiana Supreme Court said it did not. Part of its rationale was that a voluntary payment of compensation benefits under La.R.S. 23:1204 was not an acknowledgment of the employer’s debt. Because it was not an acknowledgment of a debt or an admission of liability, prescription was not interrupted. Section 1204, therefore, encourages the voluntary payment of compensation benefits because employers are assured that they are not admitting to liability. In this ease, however, a lawsuit has not been filed against the employer for |2workers’ compensation benefits; rather, the injured employee has filed an admiralty claim under general maritime law and a claim as a Jones Act seaman for damages. The standards of proof for these claims are quite different from a workers’ compensation claim. Furthermore, the payment of workers’ compensation benefits certainly does not act as an admission of negligence for Jones Act purposes. The statutory framework for workers’ compensation benefits and the statutory framework for the pursuit of a seaman’s claim are entirely different. Therefore, the statutory command of La.R.S. 23:1204 is not abrogated or weakened by allowing thé filing of this delictual action involving different standards of proof against the employer arising from the same work-related accident and injury.
Moreover, one of the purposes of prescriptive statutes is to prevent prejudice to an employer. Unlike a situation involving a third-party tortfeasor who may not know of a potential pending claim, the employer in this instance is quite aware of the occurrence of the accident and the injury. Hence, to allow a lawsuit under these circumstances would not dilute the spirit or intendment of our prescriptive laws.
Gary should be limited to the specific issue which it addressed — a worker’s claim against third-party tortfeasors — and should not be extended to an action against an employer arising from the same incident.
For the foregoing reasons, I respectfully dissent.