754 So.2d 1000 (1999)
June A. Dufrene, Wife of, and Andrew J. DUFRENE
v.
MORGAN EQUIPMENT RENTAL, INC.; ABC Insurance Company; Jones Equipment Services, Inc.; DEF Insurance Company; Scott General, Inc.;[1] GHI Insurance Company, Manufacturer; and JKL Insurance Company.
No. 98 CA 1582.
Court of Appeal of Louisiana, First Circuit.
September 24, 1999.
*1001 John A. Venezia, New Orleans, Counsel for Plaintiffs/Appellants June A. Dufrene and Andrew J. Dufrene.
Musa Rahman, Baton Rouge, Counsel for Intervenor Louisiana Workers' Compensation Corporation.
Charles M. Hughes, Jr., Mandeville, Counsel for Defendant/Appellee Scott Construction Equipment.
Alan R. Sacks, Timothy W. Hassinger, New Orleans, Counsel for Defendant/Appellee Jones Equipment Services, Inc.
Before: GONZALES, FITZSIMMONS, and WEIMER, JJ.
WEIMER, J.
Plaintiffs, June A. Dufrene and Andrew Dufrene, appeal a judgment sustaining the exceptions of prescription filed by defendants/alleged third-party tortfeasors, Scott Construction Equipment ("Scott") and Jones Equipment Services, Inc. ("Jones"). The sole issue in this appeal is whether the workers' compensation insurance carrier acknowledged a debt to Mr. Dufrene, as a *1002 workers' compensation claimant, so as to interrupt the tolling of the prescriptive period of one year applicable to the Dufrenes' personal injury action against the alleged third-party tortfeasors. Considering the undisputed facts and the lack of contradictory evidence in the record, we find no manifest error in the conclusion reached by the trial court and affirm.

FACTS
It is undisputed that Mr. Dufrene was injured in a December 30, 1992 accident during the course and scope of his employment as a crane operator with Torch Incorporated ("Torch"). Torch's workers' compensation insurer, the Louisiana Workers' Compensation Corporation ("LWCC"), voluntarily began paying disability benefits after Mr. Dufrene filed a claim for benefits.
Over four years after the accident, on June 5, 1997, the Dufrenes filed suit for damages, naming Scott and Jones as two of the defendants and alleging liability on their part as repairers of the crane involved in the accident. Mr. Dufrene testified he was aware repairs had been made on the crane prior to the accident as he signed the tickets on the repairs.
The LWCC intervened in the suit for recovery of compensation paid. Testimony at the hearing of the exceptions revealed LWCC paid $106,000.00 in medical and weekly benefits from the time of the accident until the date of the hearing. On December 1, 1997, the trial court signed a judgment sustaining the exceptions of prescription filed by Scott and Jones, and dismissing plaintiffs' claims against them.
On appeal, the Dufrenes assign the following errors:
1. The Trial Court erred in finding that LWCC did not acknowledge the debt to Mr. Dufrene.
2. The Trial Court erred in finding that LWCC's acknowledgement of the debt owed to Mr. Dufrene did not interrupt prescription as to Scott and Jones.

INTERRUPTION OF PRESCRIPTION
The recent case of Gary v. Camden Fire Insurance Company, 96-0055 (La.7/2/96), 676 So.2d 553 is controlling. The Louisiana Supreme Court held that the voluntary payment of workers' compensation benefits does not interrupt prescription with regard to a worker's claims against third-party tortfeasors. In Gary, as in the instant case, the claimant did not file suit against the employer or the employer's workers' compensation insurer because compensation benefits were paid voluntarily. The court explained:
Such voluntary payments are insufficient to toll prescription under [La. Civil Code] Article 3462 which specifically requires the filing of a lawsuit.
The reason for adherence to the dictate of Article 3462, which requires filing suit to interrupt prescription, is simple. When a lawsuit is filed against the employer, prescription is interrupted as to claims against the employer pursuant to Article 3462. Because the third-party tortfeasor is a solidary obligor, the interruption of prescription is applicable also to a claim against a third-party tortfeasor, as this court held in Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d [1383] at 1387 [(La.1993)]. See also La. Civ.Code arts. 1799 and 2324C. When a lawsuit is filed against the employer in a competent court, prescription is interrupted because the legal system is put into motion and the purposes of prescriptive laws are satisfied. The time limit for filing a delictual action is a legislative device intended to promote legal finality, bar stale claims, and prevent prejudice to defendants. When the employer voluntarily pays workers' compensation benefits (which may continue for many years), and the *1003 injured employee files no lawsuit against any party, none of the goals of prescription statutes are met with regard to claims against a third-party tortfeasor. There is no analogy between a lawsuit against an employer and mere claim assertion which prompts voluntary workers' compensation payments. While the former may interrupt prescription, Williams v. Sewerage & Water Bd. of New Orleans, supra, the latter simply does not. (Emphasis supplied.)
96-0055 at pp. 3-4, 676 So.2d at 555-556.
However, the Louisiana Supreme Court noted further in Gary that the employer's voluntary payment of benefits would be an acknowledgement of debt sufficient to interrupt prescription were it not for the statutory provision of the workers' compensation law which assures employers that such payment does not constitute an admission of liability. LSA-R.S. 23:1204; Gary v. Camden Fire Insurance Company, 96-0055 at 5, 676 So.2d at 556. The court explained:
In addition to interruption by the filing of a lawsuit, Louisiana codal articles provide another means of interrupting the prescriptive period. La.Civ.Code art. 3464 provides that "[p]rescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." The court of appeal in this case held that the employer's voluntary payment of workers' compensation benefits constituted an acknowledgement which interrupted prescription with regard to plaintiffs' claims against defendants/third-party tortfeasors. We disagree with that conclusion.
An acknowledgement is "the recognition of the creditor's right or obligation that halts the progress of prescription before it has run its course." It involves an admission of liability, either through explicit recognition of a debt owed, or through actions of the debtor that constitute a tacit acknowledgement. Acknowledgement may be made "verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways; or it may be implicit or inferred from the facts and circumstances." A tacit acknowledgement arises from a debtor's acts of reparation or indemnity, unconditional offers or payments, or actions which lead the creditor to believe that the debtor will not contest liability. Acknowledgement interrupts prescription before it has expired, with the prescriptive period beginning to run anew from the time of the interruption.
Were it not for the existence of La. Rev.Stat. 23:1204, it would seem evident that voluntary payment of compensation benefits constitutes an acknowledgement of the employer's debt to the injured employee. Section 1204, however, encourages voluntary payment of compensation by assuring the employer that his voluntary payment does not, and will not, constitute an admission of liability. Because of Section 1204's statutory command, the voluntary payment of compensation here is not an acknowledgement of debt or liability and does not interrupt prescription under La.Civ. Code art. 3464. (Citations and footnote omitted.)
96-0055 at 4-5, 676 So.2d at 556.
Implicitly, this language opens the door to the argument made by the Dufrenes: that pursuant to the holding in Williams, supra, employers and third party tortfeasors are solidary obligors, and prescription of claims against third parties is interrupted when an employer or insurer acknowledges its liability in a manner other than voluntary payment of benefits. Attempting to explore the limits of Gary, the Dufrenes argue there was action by LWCC in addition to the voluntary *1004 payment of benefits which constituted an acknowledgment interrupting prescription pursuant to LSA-C.C. art. 3464.[2] In brief to this court, the Dufrenes argue the acknowledgement was continuing.
Because suit was filed in the instant case over four years after the accident, the plaintiffs' claim is prescribed on its face. Our review of the record convinces us the plaintiffs did not carry their burden of proof that prescription had not run.[3]
At the hearing on the exceptions, the Dufrenes presented the testimony of Mr. Dufrene and Samuel R. Vories, the LWCC claims adjuster who handled this case. Mr. Vories verified he had spoken with Mr. Dufrene "periodically throughout the claim" by telephone.[4] The pertinent testimony elicited from Mr. Vories by plaintiffs' counsel was as follows:
Q. [H]ow much money has your company paid out in benefits to date?
A. To date about $106,000.
Q. Does your company admit that it owes Mr. Dufrene money because of his on the job injury? ....
A. Yeah, we do owe him weekly compensation benefits at this time.
Q. And has admitted so since the date of Mr. Dufrene's accident?
A. Yes.
Q. And has your company communicated that admission clearly to Mr. Dufrene?
BY THE COURT:
They paid him a hundred and six thousand dollars, counsel. You can't be any clearer than that.
Q. That's precisely. Has it?
A. Yes.
In opposing the exceptions of prescription, the Dufrenes failed to present any evidence of specific dealings between Mr. Dufrene and LWCC or of any dates thereof, except for the initiation of voluntary payment of workers' compensation benefits one week after the accident. Under the applicable statutes and jurisprudence, such payment cannot constitute an acknowledgement of liability to Mr. Dufrene. See LSA-R.S. 23:1204; Gary v. Camden Fire Insurance Company, 96-0055 at 5, 676 So.2d at 556. The trial court specifically observed: "I haven't seen anything beyond payment of money that is acknowledgement." We interpret this statement as meaning the trial court found the testimony nothing more than an admission the debt had been paid, as opposed to an acknowledgement that the debt was owed.
As the trial court indicated, the plaintiffs only proved voluntary payment of workers' compensation benefits. The plaintiffs did not prove acknowledgement *1005 of the debt by the workers' compensation insurer occurred before prescription of the plaintiffs' claim against the alleged third-party tortfeasors had run its course. The plaintiffs proved that the workers' compensation insurer admitted to paying workers' compensation benefits, but its admission was made at the hearing. There was no evidence whatsoever introduced to prove acknowledgement during the year following the accident. Thus, there was no evidence of an acknowledgement to establish an interruption of prescription. See Rizer v. American Surety and Fidelity Insurance Company, 95-1200, p. 6 (La.3/8/96), 669 So.2d 387, 390-91, holding that once prescription extinguishes a cause of action, a subsequent timely suit against a solidary obligor cannot revive the already prescribed action. Once prescription occurs, it cannot be interrupted. See also Firmin, Inc. v. Denham Springs Floor Covering, Inc., 595 So.2d 1164, 1171 (La.App. 1 Cir. 1991), holding that timely suit against a solidary obligor subject to the ten year prescriptive period for contracts did not interrupt prescription of a claim against another solidary obligor whose alleged liability arose from tort products liability.
Our review of the record convinces us the trial court could have reasonably concluded that the adjuster for LWCC admitted to having paid benefits in the past and to owing benefits at the time of the hearing, rather than acknowledging the right of the person against whom prescription had commenced to run as required by LSA-C.C. art. 3464.[5] The claimed acknowledgement in the instant case is indeed amorphous when compared to examples of proven acknowledgements in the jurisprudence. See Davis v. United General Insurance Co., 93-738, p. 7 (La.App. 3 Cir. 2/2/94), 631 So.2d 572, 577, rev'd on other grounds, 94-0875 (7/1/94), 639 So.2d 1180, wherein the court noted a workers' compensation claimant may prove interruption of prescription by acknowledgment by showing his employer lulled him into a false sense of security and thereby induced him to withhold filing suit. To prove he was lulled into a false sense of security, a claimant must show that words, actions, or inactions on the part of the employer or insurer induced him to withhold suit until his claim prescribed. Id.
However, in the workers' compensation setting, given the express provisions of LSA-R.S. 23:1204, more than the adjuster's admission that the benefits were owed and paid is required to establish an acknowledgement. The burden of proof was on the plaintiffs, and we find no trial court error in holding they failed to satisfy that burden with the limited evidence offered to prove acknowledgement. Factual findings involving workers' compensation claims, particularly those involving the weighing of witness credibility, are entitled to great weight and will not be disturbed on appeal absent clear error. Davis v. United General Insurance Co., 93-738 at 8, 631 So.2d at 578. Furthermore, the issue of acknowledgement is a mixed question of law and fact, which is subject to the manifest error standard of review. See Reed v. Wal-Mart Stores, Inc., 97-1174, p. 4 (La.3/4/98), 708 So.2d 362, 364, noting that a disputed issue of mixed fact and law or policy is peculiarly a question for the jury or trier of the facts. In deciding that the testimony of the adjuster for the workers' compensation insurer was insufficient *1006 to prove acknowledgement, the trial court also could have taken into account the self-serving nature of his testimony arising from the fact that LWCC intervened in the Dufrenes' suit to recover the benefits it had paid, which recovery is barred if the Dufrenes' claim against the third-party tortfeasors is prescribed.
Voluntary payment of workers' compensation benefits, coupled with nothing more in the way of an acknowledgement before prescription runs, cannot be considered an interruption of prescription. Because voluntarily paid workers' compensation benefits are not considered to be acknowledgement of liability based on LSA-R.S. 23:1204, LWCC's actions, which were not known to the alleged tortfeasors until those third parties were sued, could not have interrupted prescription as to those third parties. The situation in the present case is identical to the scenario in Gary, supra, which the court deciared was not analogous to filing suit. Therefore, the question of whether the employer and the alleged tortfeasors are solidary obligors is immaterial.

CONCLUSION
The trial court's sustaining of defendants' exceptions was correct. Accordingly, we affirm the judgment of the trial court and assess appellants with costs of this appeal.
AFFIRMED.
FITZSIMMONS, J., concurs, and assigns reasons.
FITZSIMMONS, Judge, concurring, with reasons.
The case relied on by the majority, Gary v. Camden Fire Insurance Company, 96-0055, p. 6 (La.7/2/96), 676 So.2d 553, 557, stated that La. R.S. 23:1209 provides a prescriptive period for filing claims, not for torts. Payment of benefits may have kept the prescriptive period for filing claims from commencing, but not the tort prescriptive period. I respectfully concur.
NOTES
[1] We note that this defendant was erroneously referred to as "Scott General, Inc." in the petition. In this opinion, we will use the correct name, "Scott Construction Equipment."
[2] In urging the point, the Dufrenes are not maintaining LWCC acknowledged a debt for the third parties. The LWCC cannot acknowledge a debt for third parties. The acknowledgment of the debt must be made by the debtor himself or by his authorized agent, and the power to acknowledge the debt must be express and special. In order for a payment on a debt to toll the prescriptive statute, such payment must be made by the debtor himself or by another under his authority and with his full knowledge and consent. Winter v. Gani, 199 So. 600, 602 (La.App. 1 Cir. 1941). Although the LWCC claims adjuster who testified in the instant case could not acknowledge the debt for Jones or Scott, his testimony could impact whether prescription ran as to those defendants, provided they were solidary obligors with the compensation insurer and acknowledgement was established.
[3] If a plaintiff's claims are not prescribed on the face of the petition, the burden is on the party raising the exception of prescription to prove the facts to support the exception. Tranum v. Hebert, 581 So.2d 1023, 1030 (La.App. 1 Cir.), writ denied, 584 So.2d 1169 (1991). However, if on the face of the petition it appears that prescription has run, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. Younger v. Marshall Industries, Inc., 618 So.2d 866, 869 (La.1993).
[4] The witness was not asked for and did not volunteer information regarding the subject matter of those telephone conversations.
[5] We note it is questionable whether acknowledgement could have occurred in the instant case because the prompt and continuous payment of benefits prevented the commencement of the prescriptive period in LWCC's favor. See LSA-R.S. 23:1209; Carter v. Barber Brothers Contracting Co., Inc., 623 So.2d 8, 11 (La.App. 1 Cir.), writ denied, 629 So.2d 1180 (1993), holding the prescriptive period for an employee to file a claim began on the date payments for temporary total disability benefits stopped. Thus, any admission by LWCC (even if otherwise deemed sufficient to constitute an acknowledgement) could not be considered an acknowledgement of the debt due for the workers' compensation claim because the prescriptive period had not yet commenced. Louisiana Civil Code article 3464 indicates acknowledgement can only occur after prescription commences.