11 KIRBY, Judge.
This writ was remanded to this Court by the Louisiana Supreme Court for briefing, argument and opinion. In the remand order, the Supreme Court instructed this Court to specifically address the applicability of Gary v. Camden Fire Insurance Co., 96-0055 (La.7/2/96), 676 So.2d 553.
Plaintiffs allege that Joseph Migliori was injured in a fall at The Willows Apartments on Máy 5, 1993. On January 7, 1994, plaintiffs filed their original petition against The Willows Apartments and its alleged insurer, Reliance Insurance Company. Thereafter, two supplemental and amending petitions were filed by plaintiffs to correct the name of the original defendant, that was ultimately named as VOA Thorpe Affordable Housing, L.L.C., d/b/a The Willows Apartments.
On May 24, 1995, more than two years after the accident, plaintiffs filed another supplemental and amending petition, naming as additional defendants, Pyrenees Construction Company (“Pyrenees”) and J. B. Fortson, Inc. (“Fortson”), the relators herein. The Louisiana Workers’ Compensation Corporation (LWCC) Lyras served with a copy of this petition. This petition was the first one served on LWCC in this lawsuit. The insurers of Pyrenees and Fortson were subsequently named as defendants.
The original defendant, VOA Thorpe, filed a motion for summary judgment, which was granted by the trial judge and affirmed by this Court. Migliori, et al. v. Willows Apartments, et al., 98-1814 (La. App. 4 Cir. 2/3/99), 727 So.2d 1258, writ denied 99-0873 (La.5/14/99), 741 So.2d 662. Pyrenees and Fortson and their insurers then filed an exception of prescription, arguing that because the only timely sued defendant (VOA Thorpe) had been dismissed, plaintiffs’ claims against them had prescribed. Plaintiffs opposed the exception of prescription, arguing that the petition naming Pyrenees and Fortson as defendants related back to the filing of the original petition because these two parties were closely connected with VOA Thorpe and knew or should have known of the institution of legal proceedings against VOA Thorpe. Plaintiffs also argued that prescription is interrupted as a result of LWCC’s acknowledgment and recognition of its obligation to Migliori. Plaintiffs noted that LWCC has continued to pay workers’ compensation benefits to Migliori. Finally, plaintiffs argue that the doctrine of contra non valentem prevented the running the prescription in this case because they did not know the identity of these parties until the prescriptive period had run.
The trial judge rejected the plaintiffs’ relation back argument, but overruled re-lators’ exception of prescription, holding that LWCC and relators were solidary obligors and the continuing payment of workers’ compensation benefits to Migliori |3by LWCC was sufficient to interrupt prescription as to relators. Relators took writs from the denial of their exception prescription. This Court declined to exercise its supervisory jurisdiction in this matter. The Louisiana Supreme Court granted writs and remanded this matter for us to consider the applicability of Gary v. Camden Fire Insurance Co., supra.
*437 In the Gary case, the issue presented was whether the payment alone of workers’ compensation benefits to an injured employee interrupts prescription with regard to the worker’s claim against third-party tortfeasors. The Court cited La. Civil Code article 3462, which provides that prescription is interrupted when suit is filed in a court of competent jurisdiction. The Court found that voluntary workers’ compensation payments were insufficient to toll prescription under Article 3462, which specifically requires the filing of a lawsuit. Gary v. Camden Fire Insurance Co., 96-0055 at p. 3, 676 So.2d at 555-556.
The Gary Court went on to distinguish the case of Williams v. Sewerage and Water Board of New Orleans, 611 So.2d 1383 (La.1993), wherein the Supreme Court concluded that prescription was interrupted with regard to an injured employee’s claims against a third-party tortfeasor when the employee filed a timely suit seeking workers’ compensation benefits from his employer. The Court in Gary stated that there is no analogy between a lawsuit against an employer and mere claim assertion that prompts voluntary workers’ compensation payments. The Court held that “[w]hile the former may interrupt prescription, Williams v. | Sewerage & Water Bd. Of New Orleans, supra, the latter simply does not.” Gary, supra at p. 4, 676 So.2d at 556.
The Gary Court also cited La. R.S. 23:1204 of the Workers’ Compensation Act, which states:
Neither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under this Chapter.
The Court held under Section 1204, voluntary compensation payments do not acknowledge debt or liability and do not interrupt prescription under La. C.C. art. 3464.
In the instant case, plaintiffs argue that the Gary case is distinguishable because the workers’ compensation carrier in this case did more than just pay compensation benefits; it acknowledged its liability to plaintiffs through other actions. Those actions include paying benefits and medical expenses for seven years without contesting liability, a letter stating to Migliori that he was entitled to medical treatment, a letter from the LWCC to its reinsurer stating that Migliori could never return to employment, an affidavit from a LWCC employee stating that LWCC had acknowledged Migliori’s claim shortly after it was made and recognized his right to reasonable medical treatment and benefits, and LWCC’s response to plaintiffs’ requests for admissions admitting that LWCC acknowledged its obligation to Migliori in accordance with the Louisiana Workers’ Compensation Act.
| sWe conclude that these actions show nothing more than LWCC’s willingness to voluntarily pay compensation benefits to Migliori, which is encouraged by La. R.S. 23:1204. These items do not constitute an admission of Lability on the part of LWCC. This situation is one in which Migliori asserted his claim, which prompted voluntary workers’ compensation payments by the LWCC. Under Gary, these actions do not interrupt prescription.
Furthermore, we find no error in the trial court’s rejection of plaintiffs’ relation back argument. Relators did not have a close enough relationship to VOA Thorpe for the petition against relators to relate back to the date of the filing of the petition against VOA Thorpe. See, Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983); Findley v. City of Baton Rouge, 570 So.2d 1168 (La.1990); Catalano v. GSB Theatres of Chalmette, Inc., 480 So.2d 428 (La.App. 4 Cir.1985). Additionally, we find no merit in plaintiffs’ claim that the doctrine of contra non valentem interrupted prescription in this case. Plaintiffs knew or should have known that they had a reasonable basis to pursue a claim against relators within one year of the accident. See, Jordan v. Em *438 ployee Transfer Corp., 509 So.2d 420 (La.1987).
We find that the ease of Gary v. Camden Fire Insurance Co., supra, cannot be distinguished from the instant case. The payment of workers’ compensation benefits to plaintiffs did not interrupt prescription as to relators. Our interpretation of the Gary decision is that plaintiffs had to file suit against relators within one [¿year of Joseph Migliori’s accident. Having failed to do so, the plaintiffs’ claims against relators have prescribed.
For the reasons stated above, the rela-tors’ writ is granted, the trial court judgment is reversed and relators’ exception of prescription is maintained. Plaintiffs’ claims against relators are dismissed with prejudice.
REVERSED AND RENDERED.