| THIBODEAUX, Judge.
Plaintiff, Rapides Parish Waterworks District Number 3, appeals a trial court judgment in favor of the defendants, Ronney Broussard, Donnie Sue Broussard and the company Mr. and Mrs. Broussard incorporated, Big Creek Outfitters and Expeditions, Inc., which dissolved the temporary restraining order issued against the defendants, and denied the Waterworks District’s request for a preliminary injunction. The temporary restraining order prohibited the Broussards and Outfitters from ^crossing a weir owned by the Waterworks District. The trial court concluded that the weir was subject to public use regardless of its designation as a public or private thing.
The Broussards and Outfitters answered the appeal and requested an increase in attorney’s fees from $750.00 to $7,500.00 and *477 for damages sustained by the issuance of the temporary restraining order.
For the following reasons, we affirm the judgment of the trial court on Waterworks District’s appeal. We increase the attorney’s fees to $1,500.00 and deny the Broussards’ request for damages.

ISSUES

The primary issues for resolution of this dispute are whether the trial court was manifestly erroneous in holding that the Waterworks District’s weir is a public thing subject to public use and whether the District has any right to prohibit the Broussards from crossing the weir. Additionally, we must determine if the attorney’s fees awarded to the Broussards should be increased and whether any damages should have been awarded to them.

FACTS

Big Creek is located in Grant Parish in the town of Pollock, Louisiana. The weir and its supporting rocks are located on Big Creek. From our review of the record, we find that the following facts, as recited in the trial judge’s written reasons for judgment, are logically articulated and hereby incorporate them into this opinion and adopt them as our own.
The trial judge wrote:
“Big Creek is a free-flowing stream which has been used by the public for recreation for years without number ... Likewise, at |3the site involved in this litigation, there has been a weir of one type or another across Big Creek for one hundred years. In its most recent form (a sheet-piling wall, buttressed on its downstream side by rocks or rip-rap and built by plaintiff), it has been used by plaintiff to form a pool from which an intake pipe can draw water which is ultimately processed and supplied to residences, businesses, industries and institutions in Rapides and Grant Parishes
[[Image here]]
The land on the right descending bank near the weir is owned by plaintiff and has situated thereon plaintiff’s pumping station and other facilities. The land on the left descending bank belongs to the United States and is under the jurisdiction of the U.S. Forest Service. In November, 1992, the Forest Service and plaintiff entered into a Special Use Permit agreement, ... containing license for use of federally owned land through the year 2012 for ‘Operation and maintenance of a weir, water filtration plant, and a 20" water transmission pipeline (all improvements are owned by the permit holder)’ ...
The evidence showed that defendant corporation was in the business of organizing canoeing parties and renting canoes to them for trips down Big Creek to a rendezvous point not far below the weir where parties and their canoes could be picked up by vehicles that could reach that point traversing a Forest Service road. Customers of the corporation and other members of the public who canoed on Big Creek sometimes got past the weir by getting out of their canoes and onto the top of the weir, then pulling their canoes over the top of the weir and thence pulling them down the rocks or rip-rap on the downstream side for a few yards until they reached water deep enough again to float the canoes and navigate down to the rendezvous point or elsewhere below the weir
[[Image here]]
There was evidence that canoers could and sometimes did portage around the weir by taking their canoes out of the water on Forest Service land and carrying or dragging them overland to a point below the weir where they could again launch into a navigable part of Big Creek ... As presently configured, the Forest Service bank and adjacent land is not particularly suitable for an easy portage around the weir.”
In addition to the above facts as found by the trial judge, the record reveals that several people saw canoeists portaging around the weir on the Forest Service bank. The Waterworks District claims that its insurance company advised them to take steps to stop canoeists from crossing the weir or the District would lose its insurance 14coverage. After suit was filed, the Waterworks District constructed a pipe barrier on top of the weir to discourage crossing.
*478 A temporary restraining order was obtained by the Waterworks District on June 21, 1994. The hearing on the preliminary injunction was held on June 29, 1994. The TRO, among other things, prohibited the Broussards and Outfitters from crossing the weir. The trial court rendered written reasons for judgment on July 19, 1994, dismissing the TRO, awarding the Broussards and Outfitters $750.00 in attorney’s fees, and denying the preliminary injunction. The trial court did not award the defendants any amount of damages.

LAW AND DISCUSSION

The trial court’s findings of fact may not be set aside on appeal in the absence of manifest error. Stobart v. State, through DOTD, 617 So.2d 880 (La.1993).
The main question for our consideration and decision is whether the weir going across Big Creek is subject to public use. If it is subject to use by the public, then the Waterworks District cannot enjoin canoeists from crossing over it as they canoe down Big Creek.
The trial judge in this case saw photos of the weir and Big Creek. He also heard testimony as to the weir’s structure and purpose. The trial judge further heard testimony as to the Broussards’ and Outfitters’ canoeing activities on Big Creek. In concluding that an injunction should not be granted and that the rights of the Waterworks District do not entitle it to prohibit the Brous-sards and Outfitters from “going onto and crossing petitioner’s weir and supporting rocks at its Big Creek facility,” the trial judge also had to interpret several statutory provisions dealing with the definition of public and private property, namely, La. Civ. Code arts. 450, 452 and 455; the Louisiana Scenic Rivers Act, La.R.S. 56:1840 and 1841; and, the Powers |5of the Waterworks Districts, La.R.S. 33:3815.3. Also part of the trial judge’s conclusion was his interpretation of the Special Use Permit, paragraph G granted to the Waterworks District by the United States Forestry Service.
All of the Waterworks District’s assignments of error deal with the public’s right to cross the weir. The definition of “public things” is found in La.Civ.Code art. 450 which provides in part: “Public things that belong to the state are such as running waters, the waters and bottoms of natural navigable water bodies, the territorial sea, and the seashore.” Political subdivisions of the state may also own things considered public such as streets and public squares. Id. Louisiana Civil Code Article 452 provides that “[pjublie things ... are subject to public use in accordance with applicable laws and regulations.” Private things, on the other hand, are those “owned by individuals, other private persons, and by the state or its political subdivisions in their capacity as private persons.” La.Civ.Code art. 453. Private things, in certain situations, may be subject to public use. La.Civ.Code art. 455. Comment (b) of the preceding Article explains: “These things, [private things subject to public use] however, are not necessarily public things in the sense of Articles 453 and 454 of the Louisiana Civil Code, ... nor in the sense of Article 450 (1978). They are ‘public’ merely in the sense that they are destined or dedicated to public use.” The Waterworks District contends that the weir is a private thing not subject to public use.
The special use permit issued by the Forest Service, in paragraph C, provides the Waterworks District with the use of federally owned land and does not grant any permanent or possessory interest in real property. Paragraph F reserves the Forest Service’s right to use or allow others to use any part of the permit area for any purpose. Finally, Paragraph G, entitled “Public Access and Use,” states: “The ^holder agrees to allow the public free and unrestricted access to and use of the permit area at all times for all lawful purposes.”
Big Creek is included in the Scenic Rivers Act. The purpose of the Act is to preserve, protect and enhance for the present and future benefit of Louisiana citizens certain unique, diverse free-flowing rivers, streams, and bayous. A further purpose of the Act is to preserve, among other things, the recreational features and resources found along the streams or segments thereof. La.R.S. 56:1841. Big Creek is designated by the Act *479 as a natural and scenic river. Canoeing is a recreational activity that has been going on for many years on Big Creek. Doug Byrd, ,the manager for the Waterworks District, admitted that the Special Use Permit issued by the Forest Service allowed access for all lawful purposes. Moreover, the “Special Use Application and Report” submitted by the Waterworks District to the Forest Service provided for non-interference with navigation on Big Creek. The significance the state has placed on maintaining the rivers and streams in a natural state is indicated by the provisions of La.R.S. 56:1849 which requires that before any activity commences upon a natural or scenic river governed by the Scenic Rivers Act, a permit must be obtained. In paragraph C of the statute, the impact the activity would have on recreation is but one in an illustrative list of criteria evaluated upon a permit application. Byrd admitted that he did not seek a permit from the administrator of the Natural and Scenic Rivers Administrator.
The trial court found that canoeing is a form of recreational use intended to be protected under the Act. We agree. Although the physical structure of the weir may be owned by the Waterworks District and the legislature enacted specific provisions for the District to maintain its weir, the land upon which it sits and the river over which it stretches is not privately owned by the Waterworks District. ^Interpreting the Special Use Permit, the Waterworks District’s Permit Application to the Forest Service, La.Civ.Code art. 455 in pari materia with the policies and purposes of the Natural and Scenic Rivers Act, we conclude that the trial court did not err in its interpretation of the law finding that the weir is subject to public use and thereby refuse to grant the Waterworks District injunctive relief. Concomitant with the Waterworks District’s duty to keep and maintain its weir and facilities on Big Creek is its duty not to interfere with the public access. Because we find that the weir is subject to public use, the Waterworks District’s contention that the trial court erred in failing to grant the Waterworks District’s preliminary injunction is without merit.
The Waterworks District argues that its police powers as conferred upon it by La.R.S. 33:3815 and 33:3818 allows it to restrict public crossings of its weir. La.R.S. 33:3815 provides the Waterworks District with the power necessary to carry out the objectives for which it was created. The objectives of the Waterworks District is to provide water for the area it serves. La.R.S. 33:3818(A) states that the board of Waterworks District “shall have absolute control and authority over the waterworks in the district and may adopt ... regulations for the proper conduct and operation of the waterworks system.” Paragraph B of that section states that the board “may effect improvement in the water system.”
Although the aforementioned statutes give the Waterworks District plenary powers to maintain the water system, that power must be exercised in conjunction with its duty to maintain the recreational function of the natural scenic river. This assignment of error is without merit.
The Waterworks District contends further that the refusal by the trial court to accept testimony as to the possible damage to its water system facility from canoeists was error. We disagree. As noted by the trial court in its written reasons |8for judgment, the Waterworks District may have shown the possibility of damage, but failed to prove any damages have occurred. We agree and find this assignment of error without merit.
After examining the record, we also find no merit to the Broussards’ and Outfitter’s contention that they have suffered damages; therefore, the trial court was correct in failing to award them damages.
In their answer to the Waterworks District’s appeal, the Broussards and Outfitters request an increase in attorney’s fees awarded by the trial judge. The award of attorney’s fees must be reasonable and based upon the degree of skill, work and complexity of the issues involved in the ease, the number of court appearances, the depositions, the office work and the time spent in court. Roszell v. Skip Converse Interior Co., 94-825 (La.App. 3 Cir. 2/1/95), 649 So.2d 1161, writ *480 denied, 95-0583 (La. 4/21/95), 653 So.2d 573. After considering these factors, we conclude that an increase in attorney’s fees to $1,500.00 is appropriate for work done in the trial court and on appeal.

CONCLUSION

For the above reasons, the judgment of the trial court is affirmed. Costs are taxed against the plaintiff-appellant, Rapides Parish Waterworks District Number 3, in the amount of $2,141.84.
AFFIRMED.