STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

03-0548

CAJUN WELDING & MACHINE CO.

VERSUS

TRAVIS DEVILLE

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - #2
PARISH OF RAPIDES, NO. 02-08612
HONORABLE JAMES L. BRADDOCK,
WORKERS' COMPENSATION  JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Ned E. Doucet, Jr., Chief Judge, Oswald A. Decuir, and Marc T. Amy, Judges.

**AFFIRMED.**

**Joseph J. Bailey**
**Provosty, Sadler, deLaunay, Fiorenza & Sobel**
**Post Office Drawer 1791**
**Alexandria, LA 71309-1791**
**(318) 445-3631**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Louisiana Insurance Guaranty Assoc.**
    **Cajun Welding & Machine Co.**

**Edward E. Roberts**
**Neblet, Beard & Arsenault**
**Post Office Box 1190**
**Alexandria, LA 71309**
**(318) 487-9874**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Travis Deville**

AMY, Judge.

In this workers' compensation matter, the employer and its insurer filed a disputed claim, contesting the necessity of a motorized scooter as palliative treatment for an employee injured in the course and scope of his employment. The workers' compensation judge determined that the scooter was a medical necessity to which the employee-claimant was entitled. The employer and its insurer filed the instant appeal. For the following reasons, we affirm.

## Factual and Procedural Background

The claimant, Travis Deville, asserts that on February 25, 1999, he sustained an injury to his back while working as a machinist at Cajun Welding and Machine Company. According to his testimony in the disputed-claim hearing on the matter, Mr. Deville and a co-worker were attempting to move a large compressor when it started to fall. Mr. Deville explained that he tried to break its fall, but the compressor brought him to the ground, leaving him in a bent position. This accident resulted in severe and debilitating injuries to his lumbar spine that required two surgeries: first, a discectomy at L4-L5 and L5-S1, and later, a laminectomy, decompression, and forinatomy with a repeat discectomy and posterior lumbar spinal fusion with pedical screws and a plate, likewise at L4-L5 and L5-S1. Mr. Deville's testimony in this matter reflects that he has experienced substantially decreased mobility and pain after the accident and the two surgical procedures. He has been limited to sedentary activities and has not been able to return to work. Although Mr. Deville stated that he can now walk around his house and yard, the record shows that his treating orthopedist, Dr. Steven Nason, recommended to the Office of Workers' Compensation that he receive a motorized scooter that would help him navigate through public places and assist in his social interaction with others.

In November, 2002, shortly after the Louisiana Office of Workers' Compensation director recommended that Mr. Deville receive the scooter, Cajun Welding's insurer, Louisiana Insurance Guaranty Association (LIGA), filed a disputed claim for compensation. In its claim, LIGA contended that the state-appointed independent medical examiner in the matter had failed to establish the medical necessity of such a scooter.

A rule was held in the matter in February, 2003, in the Office of Workers' Compensation in Alexandria. In support of their appeal, LIGA and Cajun Welding produced letters written by Dr. G. Gregory Gidman, a Lafayette orthopedist, to whom LIGA and Cajun Welding had referred Mr. Deville for a second opinion as to the necessity of a motorized scooter. In his letter to LIGA and the Office of Workers' Compensation, Dr. Gidman opined that the motorized scooter was not necessary because Mr. Deville had not suffered severe neurological impairment of his lower extremities; instead, Dr. Gidman recommended the use of a manual wheelchair when needed. In addition, Cajun Welding and LIGA introduced the deposition of the state-appointed independent medical examiner, Dr. Thad Broussard, a Baton Rouge orthopedist, in which Dr. Broussard opined that the scooter was not medically necessary. The workers' compensation judge, however, determined that the motorized scooter was a medical necessity for Mr. Deville, and he ordered LIGA and Cajun Welding to furnish him with one.

Cajun Welding and LIGA have appealed the ruling, asserting that the workers' compensation judge committed manifest error in determining that the motorized scooter is a medical necessity.

**Discussion**

Cajun Welding and LIGA contend that the workers' compensation judge committed manifest error in his determination that the motorized scooter requested for Mr. Deville is a medical necessity. They posit that the judge ignored the evidence produced at the rule which tended to show that not only was Mr. Deville able to move about unassisted, but use of the motorized scooter would pose a risk of his becoming dependent upon it, with a consequent risk of increased muscle atrophy. They further propose that the judge gave disproportionate weight to the deposition of the independent medical examiner. Cajun Welding and LIGA urge that we reverse the workers' compensation ruling, arguing that it is evident that the scooter would not serve Mr. Deville's best interest.

In the context of workers' compensation, La.R.S. 23:1203(A) provides, in pertinent part, that employers must "furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal . . . ." A workers' compensation judge's determination as to the medical necessity of treatment and whether the treatment has been received due to a work-related accident are questions of fact. *Fritz v. Home Furniture–Lafayette*, 95-1705 (La.App. 3 Cir. 7/24/96), 677 So.2d 1132; *Alleman v. Fruit of the Loom-Crowley*, 96-1246 (La.App. 3 Cir. 3/5/97), 692 So.2d 485. Pursuant to the Louisiana Supreme Court's decisions in *Rosell v. ESCO*, 549 So.2d 840 (La.1989), and *Alexander v. Pellerin Marble & Granite*, 93-1698 (La. 1/14/94), 630 So.2d 706, appellate courts are to review such determinations under the manifest error—clearly wrong standard. The supreme court has further stated that where conflicts in testimony have arisen, the appellate court may not disturb the fact finder's

reasonable evaluations of credibility and "reasonable inferences of fact." *Rosell*, 549 So.2d at 844 (citations omitted).

It is well settled that an employee is entitled not only to curative treatment for injuries sustained in the course and scope of employment, but is also entitled to palliative treatment. *See Scott v. Piccadilly Cafeteria*, 97-1584 (La.App. 3 Cir. 4/1/98), 708 So.2d 1296; *Ferrier v. Jordache-Ditto's*, 94-1317, 94-1318 (La.App. 3 Cir. 5/17/95), 662 So.2d 14, *writ denied*, 95-2865 (La. 2/2/96), 666 So.2d 1100. It is evident from the record in the instant matter that the scooter prescribed for Mr. Deville comprises part of his palliative therapy and is understood not to have utility in improving his injuries. In fact, each physician who has given input in the case has noted that Mr. Deville has reached maximum medical improvement and that he is not a candidate for further surgery.

When we review the record and the ruling according to the manifest error—clearly wrong standard as stated in *Alleman*, 692 So.2d 485, we find that the evidence reasonably supports a finding that the scooter was necessary and that this determination by the workers' compensation judge was not clearly wrong. It is apparent that the workers' compensation judge gave full consideration to the various physicians' opinions in deciding that Mr. Deville is entitled to the scooter. In his oral reasons for judgment, the workers' compensation judge referred to the salient points of Cajun Welding's and LIGA's opposition, observing that although Dr. Gidman and Dr. Broussard were of the opinion that the motorized scooter was not necessary, they had qualified their opinions by reference to the risk that Mr. Deville would grow to be dependent on the scooter, which would lead to further atrophy of his back muscles. The workers' compensation judge noted that these opinions were speculative and that there was no indication that Mr. Deville would become dependent upon the scooter

4

for locomotion. Instead, he observed, the scooter would provide significant palliative treatment to Mr. Deville, whom he noted was still in pain and was limited in mobility, in that it would facilitate his locomotion and his ability to participate in society, saying that "he is entitled to live as normal a life as possible in society, and that includes the ability to get out and function in places other than his own home."

An examination of the record reveals that although Mr. Deville is able to travel short distances independently, he must use a cane, and even then, as he is prone to falling, he relies on his wife for assistance. Furthermore, Mr. Deville testified at the rule that it is difficult for him to use his manual wheelchair while in public places because the arm movements required to propel it put painful pressure on his lower back. He further notes that his wife does not have the strength to push the wheelchair. Moreover, Dr. Broussard, the independent medical examiner appointed by the Office of Workers' Compensation to determine the necessity of the scooter, stated in his report that he believed the request was reasonable, citing its ability to improve Mr. Deville's quality of life. The record reflects that all of the examining physicians concurred that a motorized scooter would not assist in Mr. Deville's rehabilitation. This is not disputed. According to the evidence presented, the purpose of the scooter was to decrease the pain caused by using manual wheelchairs and walking in public places. The evidence presented supports a reasonable determination that the motorized scooter is necessary for Mr. Deville's palliative therapy. Therefore, we find no merit in this assignment of error.

**DECREE**

For the foregoing reasons, the judgment ordering a motorized scooter for Mr. Deville is affirmed. All costs of this proceeding are assigned to the plaintiffs-appellants, Cajun Welding and Machine Co. and Louisiana Insurance Guaranty Association.

**AFFIRMED.**