# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-91

**LOIS J. SHAILOW**

**VERSUS**

**GULF COAST SOCIAL SERVICES, ET AL.**

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 13-01328
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

## ULYSSES GENE THIBODEAUX
### CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**REVERSED IN PART AND AFFIRMED IN PART.**

**Marcus Miller Zimmerman**
**4216 Lake Street**
**Lake Charles, LA 70605**
**Telephone: (337) 474-1644**
**COUNSEL FOR:**
**Plaintiff/Appellee - Lois J. Shailow**

**Eric J. Waltner**
**Allen & Gooch**
**P. O. Box 81129**
**Lafayette, LA 70598-1129**
**Telephone: (337) 291-1400**
**COUNSEL FOR:**
**Defendants/Appellants - LUBA Casualty Insurance Company and Gulf Coast Social Services**

**THIBODEAUX, Chief Judge.**

Defendants Gulf Coast Social Services and LUBA Casualty Insurance Company (collectively "Gulf Coast") appeal an Office of Workers' Compensation judgment in favor of Claimant Lois Shailow. Ms. Shailow sustained injury in a work-related car accident caused by a third party ("tortfeasor") who thereafter paid Ms. Shailow a lump sum pursuant to a settlement agreement. Following the accident, Ms. Shailow worked for approximately one year and then terminated employment. She then filed a workers' compensation claim seeking medical and indemnity benefits. Gulf Coast answered and filed an exception of prescription in regard to the medical benefits claim. The workers' compensation judge ("WCJ") denied the exception. The WCJ found the tortfeasor's payment of settlement monies amounted to a voluntary payment of medical expenses, pursuant to La.R.S. 23:1209(C), which interrupted prescription as to Gulf Coast, a solidary obligor.

At trial, the WCJ further found Gulf Coast liable for medical benefits, indemnity benefits, and penalties and attorney fees. Because we find that a third-party tortfeasor's *voluntary* payment of medical expenses does not serve to interrupt prescription as to a solidarily-liable employer, we reverse the WCJ's judgment that the medical benefits claim had not prescribed and vacate the penalty awarded for failure to pay on this claim. A review of the record reveals no manifest error in regard to the remainder of the WCJ's contested findings, which we affirm.

I.

**ISSUES**

We must determine:

(1)    whether the WCJ erred in finding Ms. Shailow's claim for indemnity benefits had not prescribed;

(2)    whether the law of the case doctrine bars review of the issue of prescription in regard to the medical benefits claim and, if not, whether the WCJ erred in finding Ms. Shailow's claim for medical benefits had not prescribed;

(3)    whether the WCJ erred in finding Ms. Shailow proved causation between her work accident and injury;

(4)    whether the WCJ erred in its award and calculation of penalties and attorney fees; and

(5)    whether Ms. Shailow is entitled to attorney fees for work done on this appeal.

II.

**FACTS AND PROCEDURAL HISTORY**

On January 18, 2012, Lois Shailow, an employee of Gulf Coast Social Services, was rear-ended by a third party while driving in the course and scope of employment. On this date, she went to Lake Charles Memorial Hospital where she complained of back pain and was diagnosed with a lumbar strain. The hospital discharged Ms. Shailow on the same day with instructions to take her prescribed medication, use a heating pad, and follow up with her primary doctor. She returned to work the second day after the car accident.

On January 25, 2012, Ms. Shailow began seeing Dr. David Duhon, a chiropractor, for back pain. At the outset, Dr. Duhon prescribed a lumbar spine MRI. During the ten months Dr. Duhon treated Ms. Shailow, she developed a foot drop which indicated a severe back injury. Dr. Duhon referred Ms. Shailow to Dr. Clark Gunderson, an orthopedic surgeon. In November 2012, Dr. Gunderson evaluated Ms. Shailow and wrote a report to Ms. Shailow's attorney. Dr.

2

Gunderson found that Ms. Shailow's MRI revealed two levels of disc herniation and recommended surgery.

While being treated, Ms. Shailow continued to work until January 8, 2013. Ms. Shailow stated in her deposition that on this day she went to work but was "walking bad" and "couldn't go no more." She saw Dr. Gunderson on this date, and he took her off of work duty. Ms. Shailow has not returned to work. Around the time Ms. Shailow terminated employment, she entered a settlement agreement with the tortfeasor regarding the January 2012 car accident. As a result of this settlement, the tortfeasor tendered Ms. Shailow $25,000.00. Ms. Shailow's attorney agreed to deduct her medical bills from this settlement amount.

On February 25, 2013, Ms. Shailow filed a Disputed Claim for Compensation. She sought indemnity benefits, medical benefits, penalties, attorney fees, and interest on all awards. Gulf Coast answered and filed an exception of prescription as to Ms. Shailow's claim for medical benefits. After a hearing, the WCJ denied the exception. The WCJ found that the tortfeasor's payment of settlement monies interrupted prescription as to Gulf Coast, a solidary obligor, pursuant to La.R.S. 23:1209(C), which allows a voluntary payment of medical expenses to interrupt prescription on a medical benefits claim. Gulf Coast filed supervisory writs on this ruling with this court and the Louisiana Supreme Court, both of which were denied.

A trial on the remaining issues took place. The WCJ ruled that Ms. Shailow's claim for indemnity benefits had not prescribed, that she was entitled to indemnity and medical benefits, that Gulf Coast was entitled to a credit in the amount Ms. Shailow received from the tortfeasor, that the claim was not

reasonably controverted by Gulf Coast, and that Gulf Coast owed penalties, attorney fees, litigation expenses, and interest on the awards. Gulf Coast appealed.

III.

## STANDARD OF REVIEW

An appellate court may not set aside a finding of fact by the trier of fact absent manifest error. *Ardoin v. Firestone Polymers, L.L.C.*, 10-245 (La. 1/19/11), 56 So.3d 215. In reviewing a finding for manifest error, the appellate court must find from the record both that a reasonable factual basis exists for the finding and that the finding is not clearly wrong. *Id*. Findings on an exception of prescription for which evidence is introduced, causation issues, and the assessment of penalties and attorney's fees are subject to manifest error review. *Dauzart v. Fin. Indem. Ins. Co.*, 10-28 (La.App. 3 Cir. 6/2/10), 39 So.3d 802; *Hunter v. Alliance Compressors*, 06-100 (La.App. 3 Cir. 6/21/06), 934 So.2d 225; *Wilczewski v. Brookshire Grocery Store*, 08-718 (La.App. 3 Cir. 1/28/09), 2 So.3d 1214, *writ denied*, 09-456 (La. 4/13/09), 5 So.3d 170. However, where legal error interdicts the fact-finding process, the manifest error standard is no longer appropriate and the appellate court will conduct a de novo review. *Guillory v. Wal-Mart Stores, Inc.*, 01-127 (La.App. 3 Cir. 10/3/01), 796 So.2d 772, *writ denied*, 01-2988 (La. 1/25/02), 807 So.2d 844.

IV.

## LAW AND DISCUSSION

### *Prescription of Indemnity Benefits*

Gulf Coast contends the WCJ erred in finding Ms. Shailow's indemnity claim had not prescribed because she did not file her claim within the

4

prescriptive period of one year of the date it asserts is the date her injury developed. We disagree. The WCJ's finding that Ms. Shailow's injury developed within a year of the date she filed her claim is supported by the record.

The relevant portion of the applicable prescription statute, La.R.S. 23:1209[1], states the following:

> A.  (1) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.
>
> . . . .
>
> (3) When the injury does not result at the time of or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.

Louisiana Revised Statutes 23:1209(A)(3) has been developed jurisprudentially into a doctrine known as the "'developing injury rule.'" *Sevin v. Schwegmann Giant Supermarkets, Inc.*, 94-1859, p. 5 (La. 4/10/95), 652 So.2d 1323, 1326. Under the developing injury rule, "an employee who suffers a work-related injury that immediately manifests itself, but only later develops into a disability, has a viable cause of action until one year from the development of the *disabling* injury." *Id*. Typically, a disabling injury has developed on the date "it becomes clear that the worker can no longer perform his or her employment duties in a satisfactory

---

[1] This statute was amended after Ms. Shailow's car accident, and the parties reference both the previous and current version of the statute in their briefs. Per the general rule that "the law at the time of the work-related accident applies to workers' compensation claims," the statute in effect at the time of the car accident is used here. *Frith v. Riverwood, Inc.*, 04-1086, p. 11 (La. 1/19/05), 892 So.2d 7, 15. In any event, the changes made to the previous version of the statute have no bearing on the outcome of this issue.

manner." *Id.* Two generally recognized situations that signify a disabling injury has developed are the date that an employee must terminate employment because the injury has rendered the employee no longer able to work and the date that an injured employee receives a medical diagnosis of a disability of which he/she was previously unaware. *Winford v. Conerly Corp.*, 04-1278 (La. 3/11/05), 897 So.2d 560. The rationale for the Louisiana Supreme Court's interpretation of La.R.S. 23:1209(A)(3) has been to avoid penalizing employees who continue working, despite a painful but not yet disabling work injury, to support their family or in hopes their condition will improve. *Sevin*, 652 So.2d 1323.

Here, the WCJ found that under La.R.S. 23:1209(A)(3) Ms. Shailow developed a disability on January 8, 2013. This finding has support in the record. Ms. Shailow stated in her deposition that although in pain, she returned to work the second day after her work accident to support her family. She stated that she continued to perform her normal duties until January 8, 2013. Ms. Shailow stated that on this date she went to work but was "walking bad" and "couldn't go no more." This is the date that Ms. Shailow terminated her employment indefinitely. This is also the date that Dr. Gunderson took Ms. Shailow off of work duty, citing Ms. Shailow's back and leg pain in finding that Ms. Shailow was unable to perform all duties. The record provides factual support for the WCJ's finding that January 8, 2013 is the date Ms. Shailow's disability developed, as this is the date she terminated employment because the injury had rendered her no longer able to perform her duties.

Gulf Coast contends that Ms. Shailow's disability developed the day after her accident, because her taking the day off amounted to a termination of employment. However, Ms. Shailow did not terminate employment on this date;

6

rather, she took one paid vacation day and then continued to perform her regular work duties for nearly a year. Alternatively, Gulf Coast contends that her disability manifested on January 25, 2012, when Dr. Duhon prescribed an MRI to rule out disc herniation. Gulf Coast asserts that this prescription amounted to a diagnosis of a disability. However, on this date Dr. Duhon merely suspected that Ms. Shailow had a herniated disc and stated in his deposition that he needed an MRI to confirm. A suspicion is not a diagnosis, and an MRI on which a diagnosis could be made did not take place until October 2012, well within one year of the date Ms. Shailow filed suit. In light of the foregoing factual support for the WCJ's finding that Ms. Shailow's disability developed within a year of the date she filed suit, we find no manifest error. Gulf Coast's contentions on this issue are without merit.

### *Prescription of Medical Benefits*

At the outset, Ms. Shailow contends that this court should not review the issue of whether her medical claim had prescribed pursuant to the law of the case doctrine. This doctrine provides that "an appellate court will not reconsider its own rulings of law in the same case." *Lejano v. Bandak*, 97-388, p. 23 (La. 12/12/97), 705 So.2d 158, 170, *cert. denied*, 525 U.S. 815, 119 S.Ct. 52 (1998). This doctrine, however, is purely discretionary and will not apply "in cases of palpable error or when, if the law of the case were applied, manifest injustice would occur." *Id.* Here, this court previously considered the issue of prescription in regard to medical benefits in denying a writ on the matter. However, because a review of this issue reveals palpable error, we proceed to assess whether the claim for medical benefits had prescribed.

Gulf Coast contends the WCJ erred in finding Ms. Shailow's claim for medical benefits had not prescribed because the claim had prescribed on its face, the payment of medical bills by Ms. Shailow's attorney did not interrupt prescription under La.R.S. 23:1209(C), and no acknowledgment pursuant to La.Civ.Code art. 3464 had occurred. We agree that the court erred on this issue and find the claim for medical benefits had prescribed.

The relevant portion of the applicable prescription statute, La.R.S. 23:1209, states the following:

> C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.

Pursuant to La.R.S. 23:1209(C), employer-made payments of medical expenses serve to interrupt prescription on claims for medical benefits. *Stroud v. Morrison Nursery*, 04-1610 (La.App. 3 Cir. 4/6/05), 899 So.2d 840. Prescription may also be interrupted by acknowledgment, pursuant to La.Civ.Code art. 3464, "when one acknowledges the right of the person against whom he had commenced to prescribe." Further, in cases where multiple parties are liable for an employee's injuries so that they are considered to be solidary obligors, the interruption of prescription against one solidary obligor will be effective against all other solidary obligors. La.Civ.Code arts. 3503 and 1799. In the workers' compensation context, a solidary obligation has been found between an employer and a third party when each is obliged "to repair the same damage," each is liable for the whole

8

performance, and "[p]ayment made by one solidary obligor exonerates the other obligor as to the creditor." *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383, 1388 (La.1993).

Here, Ms. Shailow did not file suit within one year of her work accident and her employer paid no medical benefits to interrupt prescription pursuant to La.R.S. 23:1209(C). However, the WCJ found that prescription was interrupted under La.R.S. 23:1209(C) by the tortfeasor's payment of settlement monies, which Ms. Shailow's attorney used to pay her medical expenses. The court found that the tortfeasor and Gulf Coast were solidary obligors, so that payment of medical expenses by one obligor served to interrupt prescription as to the other.

Gulf Coast takes issue with several points in this line of reasoning; the first is the WCJ's finding that the tortfeasor and employer were solidary obligors. However in *Williams*, 611 So.2d 1388, the supreme court found that in the workers' compensation context, an employer and a third-party tortfeasor were solidary obligors because they shared coextensive liability to an injured employee. As in *Williams*, Gulf Coast and the tortfeasor shared coextensive liability to Ms. Shailow and are, thus, solidary obligors.

Gulf Coast contends that even if they are considered to be solidarily liable with the tortfeasor, there was no direct payment of medical expenses by the tortfeasor to interrupt prescription pursuant to La.R.S. 23:1209(C). Only a lump sum was received from which Ms. Shailow chose to pay her own medical expenses. This argument misses a larger question raised by the WCJ's reasoning, namely whether the payment of medical expenses under La.R.S. 23:1209(C) by a tortfeasor serves to interrupt prescription as to a solidarily liable employer.

In *Gary v. Camden Fire Ins. Co.*, 96-55 (La. 7/2/96), 676 So.2d 553, the Louisiana Supreme Court found that a voluntary payment of medical benefits by an employer to an injured employee did not interrupt prescription against a solidarily liable tortfeasor. The court found that unlike the filing of suit by a solidary obligor which puts the legal system "into motion," the voluntary payment of medical benefits meets "none of the goals of prescription statutes" as against the solidary obligor. *Id.* at 556. The court reasoned that prescriptive time limits are "intended to promote legal finality, bar stale claims, and prevent prejudice to defendants," which is not served by tolling prescription for "mere claim assertion which prompts voluntary [medical benefits] payments." *Id.* In sum, the court held that the voluntary payment of medical benefits did not serve to interrupt prescription as to a solidary obligor because the legal finality, barring of stale claims, and prevention of prejudice to defendants that result from the timely filing of suit do not occur for one solidary obligor when another solidary obligor decides to pay medical expenses on their own accord. *Id.* By extension and for the same reasons articulated in *Gary*, the voluntary payment of medical expenses by a tortfeasor do not serve to interrupt prescription as to a solidarily liable employer, e.g., Gulf Coast, or its insurer.

The WCJ also stated in his judgment on this issue that Gulf Coast had made what amounts to an acknowledgment, under La.Civ.Code art. 3464, in its Amended Answer to Ms. Shailow's workers' compensation claim. However, this "admission" occurred well after the claim for medical benefits had prescribed. Consequently, no interruption pursuant to La.R.S. 23:1209(C) or La.Civ.Code art. 3464 occurred to toll the one-year prescriptive period on the claim for medical benefits. As such, the claim for medical benefits had prescribed.

10

### *Causation*

Gulf Coast contends the WCJ manifestly erred in finding Ms. Shailow proved causation between her work accident and injury because there was evidence of an intervening equestrian accident. We find no manifest error. The WCJ's finding of causation has ample support in the record.

To establish a claim for workers' compensation benefits, an injured employee must prove, by a preponderance of the evidence, that the work accident caused the employee's injury and ensuing disability. *Hunter*, 934 So.2d 225. This burden is satisfied when the evidence, in its entirety, establishes that a causal connection between the work accident and the employee's injury is more probable than not. *Luneau v. Hartford Accident & Indem. Ins. Co.*, 493 So.2d 857 (La.App. 3 Cir.), *writ denied*, 496 So.2d 1047 (La.1986).

Here, the WCJ found Ms. Shailow established causation and there is a reasonable factual basis in the record for this finding. Lake Charles Memorial Hospital records show that immediately after the work accident Ms. Shailow was taken to the ER where she complained of back pain and was diagnosed with a lumbar strain. The treatment records of Dr. Duhon and Dr. Gunderson, along with Dr. Duhon's deposition, show that this lumbar strain worsened from Dr. Duhon's initial treatment of Ms. Shailow days after the accident into the disability at issue herein. Gulf Coast contends that Ms. Shailow did not prove causation because her supervisor, Damon Marks, testified that Ms. Shailow's mother told him that Ms. Shailow had fallen off a horse and sustained back injuries after the work accident but before she stopped working. However, Mr. Marks testified that Ms. Shailow's mother did not specify any injury that had occurred as a result of the equestrian accident. Moreover, Ms. Shailow testified that the equestrian accident took place

11

before her 2012 work accident, that she only injured her arm, and that she had not been on a horse since the accident. Moss Regional Medical Center's records confirm that in 2009 Ms. Shailow was treated for injury to her arm after falling off of a horse. In light of the foregoing evidence, we cannot say the WCJ's finding of causation between the work accident and injury is clearly wrong. Gulf Coast's contentions on this issue are without merit.

### *Award and Calculation of Penalties and Attorney Fees*

Gulf Coast contends that the WCJ erred in its award of penalties and attorney fees because its failure to pay resulted from a belief that the claims were prescribed. Gulf Coast further asserts that the WCJ erred in using the fee affidavit submitted by Ms. Shailow to calculate attorney fees. We agree in part and find the court erred in awarding a penalty for failure to pay the prescribed claim for medical benefits. However, we find no manifest error in the court's award and calculation of penalties and attorney fees as to the claim for indemnity benefits.

Louisiana Revised Statutes 23:1201(F) provides for the assessment of penalties and attorney fees against an employer for failure to timely pay workers' compensation benefits. Penalties and attorney fees will not be assessed against an employer if the claim is reasonably controverted or nonpayment is due to circumstances beyond the employer's control. *Id.* To reasonably controvert a claim, an employer must be "engaged in a nonfrivolous legal dispute or [possess] factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed." *Brown v. Texas-LA Cartage, Inc.*, 98-1063, p. 9 (La. 12/1/98), 721 So.2d 885, 890. Further, any award of attorney fees must be

12

reasonable. *Rapides Parish Waterworks Dist. No. 3 v. Broussard*, 95-361 (La.App. 3 Cir. 10/18/95), 663 So.2d 475, *writ denied*, 95-2777 (La. 1/26/96), 666 So.2d 679. Factors to be considered in determining whether an award is reasonable are the required skill, the complexity of the matter, and time expended on the case. *Id*.

Here, the court manifestly erred in penalizing Gulf Coast for failure to pay medical benefits. Penalties are assessed under La.R.S. 23:1201(F) for an employer's failure to pay benefits as they become due. However, as the claim for medical benefits here was prescribed, no such benefits were due. Nonetheless, we find no manifest error in the WCJ's award of penalties and attorney fees for failure to timely pay indemnity benefits. The record supports a finding that Gulf Coast did not reasonably counter the medical and factual information presented in support of Ms. Shailow's claim for indemnity benefits. Additionally, we find no error in the award of $17,000.00 in attorney fees, as this finding is adequately supported by the WCJ's findings in record that Ms. Shailow's requested attorney fees were warranted by "the complexity of the case." Further, this court has found an attorney rate of $225.00 per hour to be reasonable, and we cannot say that the $200.00 per hour at issue here is unreasonable. *Weldon v. Holiday Inn-Jennings*, 11-203 (La.App. 3 Cir. 10/5/11), 76 So.3d 115, *writ denied*, 11-2463 (La. 1/20/12), 78 So.3d 144. In light of the foregoing, we vacate the $2,000.00 penalty for failure to pay medical benefits and uphold the $2,000.00 penalty for failure to pay indemnity benefits and the WCJ's award of $17,000.00 in attorney fees.

### *Attorney Fees on Appeal*

In Ms. Shailow's answer to this appeal, she requests additional attorney fees for work done on appeal. "An increase in attorney's fees is awarded

13

on appeal when the defendant appeals, obtains no relief, and the appeal has necessitated more work on the part of the plaintiff's attorney, provided that the plaintiff requests such an increase." *McKelvey v. City of Dequincy,* 07-604, pp. 11-12 (La.App. 3 Cir. 11/14/07), 970 So.2d 682, 690. In light of Gulf Coast's partial attainment of relief on appeal, we award Ms. Shailow attorney fees in the amount of $4,000.00.

## V.

## <u>CONCLUSION</u>

For the foregoing reasons, the judgment of the WCJ is reversed as to the ruling that the claim for medical benefits had not prescribed and as to the $2,000.00 penalty awarded for nonpayment of medical benefits. The judgment is affirmed in all other respects. We award Ms. Shailow attorney fees in the amount of $4,000.00 for work done on this appeal. Costs of the appeal are assessed in equal amounts to Ms. Shailow and Defendants, Gulf Coast Social Services and LUBA Casualty Insurance Company.

**REVERSED IN PART AND AFFIRMED IN PART.**