STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-98

DAVID PAUL CROSS

VERSUS

SLAYTER TRUCKING COMPANIES, LLC

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 14-02511
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Marc T. Amy, Judges.

AFFIRMED.

Cooks, J., concurs in the result.

Lawrence N. Curtis
A Professional Law Corporation
P. O. Box 80247
Lafayette, LA 70598-0247
(337) 235-1825
COUNSEL FOR PLAINTIFF/APPELLEE:
    David Paul Cross

**Bradley John Gadel**
**A Professional Law Corporation**
**728 Jackson St.**
**Alexandria, LA 71301**
**(318) 448-4406**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Slayter Trucking Companies, LLC**

**SAUNDERS, Judge.**

This is a workers' compensation case wherein an employee was injured in the course and scope of his employment. The issue in the case is that the employee underwent medical treatment without some of his medical treatment providers submitting 1010 forms requesting authorization for continuing medical treatment. The employee had previously been treated in Arkansas, where his work-related accident transpired. The Arkansas physicians recommended that the employee find physicians closer to his home and referred him to one such physician. Thereafter, the treating physicians were selected by the employee due to proximity to the employee's home. Four of these physicians failed to submit 1010 forms prior to treating the employee.

The WCJ found that the employer was responsible for up to the $750.00 cap as provided by La.R.S. 23:1142(B)(1)(a). Further, the WCJ awarded the employee penalties and attorney's fees, but denied the employee's request that all of his medical expenditures made to the relevant physicians be reimbursed. Both employer and employee appeal.

**FACTS AND PROCEDURAL HISTORY:**

Employee, David Cross, was employed by Slayter Trucking Companies, L.L.C. as a truck driver. On January 4, 2013, Cross was delivering a flat-bed truck loaded with pipe in Arkadelphia, Arkansas. While performing duties within the course and scope of his employment at the location where the pipe was to be delivered, Cross' load of pipe fell from his trailer and on to him. Cross' injuries were severe and required multiple surgeries.

Cross had significant care performed at Mercy Medical Center in Hot Springs, Arkansas. Amongst many treating physicians in Arkansas, he treated with an orthopedic surgeon, Dr. Chris Young.

After driving back and forth to Arkansas for treatment for some time, Dr. Young recommended that Cross find physicians closer to his home and referred Cross to Dr. Michael Dole, a pain management physician in Alexandria, Louisiana. Dr. Dole referred Cross to Dr. James Quillin, a psychologist, and Dr. Sean Stehr, for interventional care. Dr. Stehr then referred Cross to Dr. Niels Linschoten, an orthopedic specialist in Baton Rouge.

Cross requested that letters of financial responsibility be written by Slayter in order for him to treat with the four physicians. Slayter refused to write the letters and requested that the treating physicians follow the Louisiana medical treatment guidelines by submitting a 1010 form. Rather than having the physicians fill out a 1010 form, Cross simply treated with the Drs. Dole, Quillin, Stehr, and Linschoten prior to receiving any authorization from Slayter.

Thereafter, Cross sent Slayter a multitude of demand letters that included copies of medical records from the four physicians. Again, Slayter informed Cross and the doctors of the necessity of a 1010 form in order for the treatment to get approved. Despite this information, Cross filed a 1008 form for disputed compensation on April 17, 2014.

After receiving briefs on the matter and copies of Cross' medical records from the four physicians, the WCJ issued a judgment for Cross against Slayter for $750.00 for treatment with Dr. Dole, $750.00 for treatment with Dr. Quillin, $750.00 for treatment with Dr. Linschoten, and $325.00 (the total cost for the treatment) for treatment with Dr. Stehr. The judgment also penalized Slayter

2

$2,000.00 for failing to pay up to the $750.00 cap to each of the four physicians, for a total of $8,000.00. The judgment also awarded Cross attorney's fees of $8,500.00. The judgment then denied Cross' request for payment to EMPI for a TENS unit, and Cross' request for payment to Walgreens or any expenses to any health care provider paid by other insurance. Finally, the WCJ's judgment stated that Slayter must pay for Cross' ongoing medical treatment pursuant to the Medical Treatment Guidelines, utilization rules and procedures, and medical fee schedule.

Both Slayter and Cross appeal from this judgment. The assignments of error follow:

**SLAYTER ASSIGNMENTS OF ERROR:**

1.  The Court erred in awarding medical benefits without holding claimant to his burden of proof under LSA-R.S. 23:1203(A), and without requiring a showing or making a finding that any of the medical benefits awarded were reasonable and necessary as required under the Louisiana Workers' Compensation Act.

2.  The Court erred in awarding up to $750.00 for medical benefits previously incurred by the claimant without a showing or finding under LSA-R.S. 23:1142 and 1203 that the medical benefits were reasonable and necessary, and without following the Louisiana Medical Treatment Guidelines.

3.  The Court erred in failing to follow the Louisiana Workers' Compensation Act or properly apply the Medical Treatment Guidelines, by allowing claimant to recover $750.00 for medical benefits for each provider when there was no factual or medical testimony taken, and no benefit of legal presumption showing that same were reasonable and necessary.

4.  The Court compounded the error by awarding penalties and attorney's fees totaling $16,500.00 for failure to pay up to $750.00 per healthcare provider without addressing whether claimant met his burden of proving that said medical treatment was reasonable and necessary, whether the treatment met the Medical Treatment Guidelines of the Louisiana Workers' Compensation Act, and unfairly penalizing the employer who never consciously denied any workers' compensation benefits

3

since the inception of this claim and continues to pay same in accordance with law.

**CROSS ASSIGNMENT OF ERROR:**

1. The Trial Court committed legal error in failing to order the defendant liable and financially responsible for *all* of the necessary medical expenses, associated penalties and expenses, and attorney's fees incurred by Cross despite the record and evidence proving that the employer/defendant was provided the requisite information contemplated by the statute.

**SLAYER ASSIGNMENT OF ERROR NUMBER ONE:**

Slayter contends, in its first assignment of error, that the WCJ erred in awarding Cross medical benefits without holding him to his burden of proof under La.R.S. 23:1203(A), and without requiring a showing or making a finding that any of the medical benefits awarded were reasonable and necessary. We find no merit to this contention.

"A workers compensation judge's determination as to the medical necessity of claimed treatment is a question of fact subject to the manifest error standard of review." *Easton Pharmacy, Inc. v. Buller*, 11-585, p. 6 (La.App. 3 Cir. 11/2/11), 76 So.3d 637, 642-43 (citing *Cajun Welding & Machine Co. v. Deville*, 03-548 (La.App. 3 Cir. 11/5/03), 858 So.2d 875). Louisiana Revised Statutes 23:1203(A) states:

In every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public, or private facilities as will provide the injured employee with such necessary services. Medical care, services, and treatment may be provided by out-of-state providers or at out-of-state facilities when such care, services, and treatment are not reasonably available within the state or when it can be provided for comparable costs.

4

Under La.R.S. 23:1203(A), the claimant has a burden to prove that the treatment was reasonable and necessary of a medical condition caused by a work-related injury. *Church Mut. Ins. Co. v. Dardar*, 13-2351 (La. 5/7/14), 145 So.3d 271.

In the case before us, Slayter contends that the WCJ erroneously found that Cross carried his burden to prove that the treatment of Drs. Dole, Quillin, Stehr, and Lischoten were reasonable and necessary. Slayter argues that there is no evidence in the record that shows that any of the care and treatment given by these physicians is actually reasonable and necessary, and causally related to Cross' January 4, 2013 accident.

Our review of the record indicates that Cross submitted medical records from each of the four physicians. Within those medical records are the opinions of the four physicians recommending courses of treatment for Cross' work-related injuries. Each of the four physicians specifically reference Cross' work-related injury as the cause of Cross' need for medical treatment. These records were uncontroverted and provide a reasonable basis for the WCJ to find that Cross carried his burden to prove that the recommended courses of treatment by Drs. Dole, Quillin, Stehr, and Lischoten were reasonable, necessary, and causally related to his January 4, 2013 accident. As such, we find this assignment of error to be without merit.

**SLAYTER ASSIGNMENTS OF ERROR NUMBERS TWO, THREE, AND FOUR:**

Slayter's second, third, and fourth assignments of error hinge upon the same issue as Assignment of Error Number One. In each, the basis of Slayter's contention is that the WCJ erred in awarding Cross benefits or penalties and attorney's fees without a showing or finding under the Louisiana Workers'

Compensation Act and under the Louisiana medical treatment guidelines that the medical benefits were reasonable and necessary.

As cited above, "[a] workers compensation judge's determination as to the medical necessity of claimed treatment is a question of fact subject to the manifest error standard of review." *Easton Pharmacy, Inc.*, 76 So.3d at 642-43. Louisiana Revised Statutes 23:1142(B)(1)(a) states, in pertinent part, the following: "[e]xcept as provided herein, each health care provider may not incur more than a total of seven hundred fifty dollars in nonemergency diagnostic testing or treatment without the mutual consent of the payor and the employee as provided by regulation."

To reiterate from the above discussion of Slayter's Assignment of Error Number One, a reasonable basis exists in the record for the WCJ to find that Cross carried his burden to prove that the treatments from Drs. Dole, Quillin, Stehr, and Lischoten were reasonable, necessary, and causally related to Cross' January 4, 2013 accident. Thus, we will not address Slayter's repetitive argument that the WCJ erred in making this finding.

Slayter also argues that the WCJ's award to Cross of up to $750.00 for each of the four physicians and the resulting penalties and attorney's fees were premature because Cross failed to follow the Louisiana medical treatment guidelines. While Slayter is correct that it is clear that Cross failed to follow the Louisiana medical treatment guidelines, it is incorrect that adjudication of the first $750.00 of claimed benefits by the WCJ was premature.

Louisiana Revised Statutes 23:1142(B)(1)(a) states, in pertinent part, "[e]xcept as provided herein, each health care provider may not incur more than a total of seven hundred fifty dollars in nonemergency diagnostic testing or treatment

without the mutual consent of the payor and the employee as provided by regulation." Our reading of La.R.S. 23:1142(B)(1)(a) indicates that the statute is related to an employer's financial responsibility, notwithstanding a claimant's adherence or lack of adherence to the guidelines. Here, the WCJ correctly found that Cross was entitled to reimbursement up to that $750.00 cap despite Cross' failure to follow the medical treatment guidelines. As such, it was not premature for the WCJ to award Cross up to $750.00 for each of the four physicians.

Finally, we address the propriety of the WCJ assessing Slayter with penalties and awarding Cross attorney's fees. Appellate review of whether a payor should be cast with attorney's fees and penalties in a workers' compensation setting is governed by the manifest error standard. *Cannon v. Glass*, 00-668 (La.App. 3 Cir. 11/2/00), 776 So.2d 1181. Louisiana Revised Statutes 23:1201(F) states, in pertinent part, the following:

> Except as otherwise provided in this Chapter, failure to provide payment in accordance with this Section. . . . shall result in the assessment of a penalty [that] shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars.

The uncontroverted evidence in the record indicates that the reimbursement requested by Cross, up to the $750.00 cap, for medical treatment was reasonable, necessary, and causally related to his January 4, 2013 accident. As such, the WCJ's decision to penalize Slayter and award Cross attorney's fees is supported by the record and not manifestly erroneous.

**CROSS ASSIGNMENT OF ERROR NUMBER ONE:**

Cross asserts in his sole assignment of error that the WCJ committed legal error in failing to order Slayter liable and financially responsible for all of the

7

necessary medical expenses, associated penalties and expenses, and attorney's fees incurred by him because the record and evidence proves that Slayter was provided the requisite information contemplated by the Louisiana medical treatment guidelines. This assertion lacks merit.

> Generally, in workers' compensation cases, this court reviews factual determinations under the manifest error/clearly wrong standard of review. *Turner v. Lexington House*, 14-1264 (La.App. 3 Cir. 4/15/15), 176 So.3d 1071, *writ denied*, 15-952 (La.8/28/15), 176 So.3d 405. Thus, factual findings are reviewed to "determine not whether the trier of fact was right or wrong, but whether its conclusion was reasonable." *Id.* at 1076. "However, where legal error interdicts the fact-finding process, the manifest error standard is no longer appropriate[,] and the appellate court will conduct a de novo review." *Shailow v. Gulf Coast Soc. Servs.*, 15-91, p. 4 (La.App. 3 Cir. 6/10/15), 166 So.3d 1239, 1244, *writs denied*, 15-1336, 15-1355 (La.10/9/15), 178 So.3d 1003 (citing *Guillory v. Wal–Mart Stores, Inc.*, 01-127 (La.App. 3 Cir. 10/3/01), 796 So.2d 772, *writ denied*, 01-2988 (La.1/25/02), 807 So.2d 844).

*Prince v. Superior Energy Servs., L.L.C.*, 15-728, p. 6 (La.App. 3 Cir. 12/16/15), 181 So.3d 961, 966, *writ denied*, 16-111 (La. 3/4/16), 188 So.3d 1063.

In the case before us, Cross alleges legal error by the WCJ. As such, we will review the record de novo, despite the scant status of that record.

There is no dispute that the care at issue is nonemergency care. Louisiana Revised Statutes 23:1142(B)(1)(a) (emphasis added) states, in pertinent part, "[e]xcept as provided herein, each health care provider may not incur more than a total of seven hundred fifty dollars in nonemergency diagnostic testing or treatment without the mutual consent of the payor and the employee *as provided by regulation*."

It is clear from the record that Cross and his treating physicians failed to follow the current workers' compensation regulations. They failed to submit a 1010 form. Thus, they also bypassed the process of having to file a 1009 form to

8

request medical review of the dispute. Rather, Cross chose to file a 1008 form, bringing the matter before a WCJ. All of this failure transpired despite indication in the record and from the WCJ that at least some of Cross' physicians were aware that a 1010 form was necessary to begin adjustment of a medical claim for workers' compensation. Accordingly, we find no merit to this assignment of error.

## DISPOSITION:

Appellant/Employer, Slayter Trucking Companies, L. L. C., raises four assignments of error, while Appellee/Employee, David Cross, raises a single assignment of error. We find no merit to any assigned error. As such, we affirm the workers' compensation judge's findings and judgment and assess all costs of these proceedings to Slayter Trucking Companies, L. L. C.

**AFFIRMED.**

DAVID PAUL CROSS

VERSUS

SLAYTER TRUCKING COMPANIES, LLC

**COOKS, J., concurs in the result.**

I am troubled significantly by the increasingly onerous burden placed on injured workers by Louisiana's recently enacted Medical Treatment Guidelines. In this case, the injured worker, despite providing significant and thorough evidence of his need for medical treatment, has been denied reimbursement for medical expenses because of his failure to file 1010 forms required by the Medical Treatment Guidelines. However, the record reflects, as the majority notes, several of the doctors were aware of the need to file a 1010 form to receive payment for non-emergency treatment in excess of the $750.00 threshhold. This is an unfortunate circumstance that signals "the grand bargain" once existing between the employer and employee for their mutual benefit, is one that should have displayed a red tag at the time it was struck boldly exclaiming: **EMPLOYEES BEWARE!** I am forced to concur.