AMY, J.,
concurring in part and dissenting in part.
hi join in the greater part of the majority opinion, including those aspects pertaining to insurance coverage and the quantum of damages, penalties, and attorney fees for work performed at the trial level. I further join in the denial of the motion to remand.
However, I respectfully dissent from the award, on appeal, of expert witness fees. While certain witnesses were qualified as experts, each largely offered fact testimony. To the extent opinion testimony was provided, it did not address the central issues at trial, which pertained to questions of coverage and contract interpretation. Notably, the trial court discounted the importance of any such testimony at the time of ruling, remarking that: “[usually we assess depositions and so forth towards court costs, and expert witness fees, or anything like that. I don’t think we had any in this case.” Additionally, I find that the plaintiff failed to substántiate those costs in the record. She rather only suggests the figures to be awarded in her brief to this court. Accordingly, I would leave the trial court’s denial of those costs undisturbed.
Neither do I join in the award of attorney fees for work performed on appeal. Certainly, jurisprudence indicates that *877 “[a]n increase in attorney’s fees is awarded on appeal when the defendant appeals, obtains no relief, and the appeal has | ¡.necessitated more work on the part of the plaintiffs attorney, provided that the plaintiff requests such an increase.” Shailow v. Gulf Coast Soc. Serv., 15-91, pp. 13-14 (La.App. 3 Cir. 6/10/15), 166 So.3d 1239, 1249 (quoting McKelvey v. City of DeQuincy, 07-604, pp. 11-12 (La.App. 3 Cir. 11/14/07), 970 So.2d 682, 690), writ denied, 15-1336 (La. 10/9/15), 178 So.3d 1002, writ denied, 15-1355 (La. 10/9/15), 178 So.3d 1003. In this case, however, the plaintiff has not requested an award of attorney fees for work performed in defense of Shelter’s appeal. Although the plaintiff filed her own appeal, she sought only an increase of attorney fees for work performed at the trial level. She makes no separate request — either in her appellee’s reply to Shelter’s appeal or in her own appellant’s brief — for work performed in defense of Shelter’s appeal. Absent that request, Shelter has not had an opportunity to respond to a distinct request for appellate attorney fees.
For these reasons, I would affirm trial court’s ruling in full.